UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

**JOSEPH VASQUEZ,**

Plaintiff,

v.                                                         **No. 4:23-cv-727-P**

**UNITED STATES OF AMERICA,**

Defendant.

## MEMORANDUM OPINION & ORDER

Before the Court is Defendant's Motion for Summary Judgment. ECF No. 20. Having considered the Motion, the Court concludes that the Motion should be and is hereby **GRANTED**.

## BACKGROUND

This suit arises from a traffic accident in which Robert Bartee's vehicle collided with Plaintiff Joseph Vasquez while Plaintiff was crossing the street. Mr. Bartee is an IT Specialist for the IRS. Bartee's official duty station is in Fort Worth but occasionally he is assigned to travel to an alternate jobsite. When Bartee travels to an alternate jobsite, he must be specifically authorized to do so. A travel authorization includes details such as the time the employee will be leaving, where they will be leaving from, the method of transportation, the location of the alternate workstation, the expected expenses associated with the travel, and the government purpose served by the travel.

In June 2021, Bartee was assigned to assist a vendor in installing two printers in the IRS's Oklahoma City office. Bartee was authorized to travel to Oklahoma City on June 24, stay overnight, and return home on June 25. Bartee was to use his personal vehicle, start his trip from

his home in Weatherford, Texas, and travel to the IRS's office in Oklahoma City.

On the early morning of June 24, 2021, Bartee left Weatherford and to avoid traffic near the main highways in Fort Worth, Bartee drove north through Azle to connect on I-35 north of Fort Worth. While Bartee was driving through Commerce Street at around 5:50 a.m.—before the sun was beginning to rise—Plaintiff was exiting his apartment and trying to cross the street at the bottom of a small hill. Plaintiff stepped into the road, stopped, checked his watch, and continued walking. Bartee crested the hill and upon seeing Plaintiff in his headlights, hit the brakes and swerved to the left. Unfortunately, Bartee's car hit Plaintiff causing Plaintiff to roll up the hood of the car and fall into the road. Bartee stopped his vehicle and attempted to call 911.

Months later, Plaintiff submitted an administrative tort claim with the IRS on March 10, 2022. On September 6, 2022, the IRS denied Plaintiff's claim. Nine months later, on June 21, 2023, Plaintiff sued Bartee is state court. A Westfall Act certification was issued by the Attorney General to certify that Bartee was acting within the scope of his employment when the accident occurred. The United States was substituted as the defendant and the case was removed to this Court. The Government has now moved for summary judgment, which is ripe for this Court's review.

## LEGAL STANDARD

Summary Judgment is appropriate when the moving party "shows that there is no genuine dispute as to any material fact" and the movant "is entitled to judgment as a matter of law." FED. R. CIV. P. 55(a). A dispute is "genuine" if the evidence presented would allow a reasonable jury to return a verdict in favor of the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 242–43 (1986). A fact is "material" when it might affect the outcome of a case. *Id.* at 248. Generally, the "substantive law will identify which facts are material," and "[f]actual disputes that are irrelevant or unnecessary will not be counted." *Id.*

When determining whether summary judgment is appropriate, the Court views the evidence in the light most favorable to the nonmovant. *First Am. Title Ins. Co. v. Cont'l Cas. Co.*, 709 F.3d 1170, 1173 (5th Cir. 2013). In conducting its evaluation, the Court may rely on any admissible evidence available in the record but need only consider those materials cited by the parties. FED. R. CIV. P. 55(c)(1)–(3). But the Court need not sift through the record to find evidence in support of the nonmovant's opposition to summary judgment; the burden falls on the moving party to simply show a lack of evidence supporting the nonmovant's case. *See Malacara v. Garber*, 353 F.3d 393, 404–05 (5th Cir. 2003).

## ANALYSIS

The Government argues that it is entitled to summary judgement for two independent reasons. *First*, the Government argues that because Bartee was within the scope of his federal employment when the accident occurred, Plaintiff's only available remedy is against the Government under the Federal Tort Claims Act and his failure to file suit against the Government within six months after the IRS denied his administrative claims renders his suit time-barred. *See* ECF No. 20-1 at 9. *Second*, the Government argues that even if the Court reaches the merits of Plaintiff's negligence claim, he cannot recover under Texas negligence law. For the reasons stated below, the Court agrees that Bartee was within the scope of his federal employment when the accident occurred and thus his claim is time-barred. Accordingly, the Court need not reach the Government's second argument and the Court will **GRANT** summary judgment for the Government.

The Federal Tort Claims Act provides that a tort claim against the United States "shall be forever barred" unless the claimant meets two deadlines. First, a claim must be presented to the appropriate federal agency for administrative review "within two years after [the] claim accrues." *United States v. Wong*, 575 U.S. 402, 405 (2015) (citing 28 U.S.C. § 2401(b)). Second, if the agency denies the claim, the claimant may file suit in federal court "within six months" of the agency's denial.

*Id.* Here, Plaintiff met the first deadline but not the second. Plaintiff submitted an administrative tort claim to the IRS on March 10, 2022—within two years of the accident. *See* ECF No. 20-2 at 16, 18. But the IRS denied his claim on September 6, 2022—nine months before Plaintiff sued Bartee in state court. *See id.* at 16, 28.

The primary issue, therefore, is whether Plaintiff is limited to a claim against the Government (in which case his claim is time-barred), or if he can proceed with a claim against Bartee personally. The Westfall Act entitles federal employees like Bartee to "absolute immunity from common-law tort claims arising out of acts they undertake in the course of their official duties." *Osborn v. Haley*, 549 U.S. 225, 229 (2007) (citing 28 U.S.C. § 2679(b)(1)). "When a federal employee is sued for wrongful or negligent conduct, the Act empowers the Attorney General to certify that the employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose." *Id.* at 229–30 (quotations omitted). Upon the Attorney General's certification, the employee is dismissed from the action, and the United States is substituted as defendant in place of the employee. *See id.* at 230. The litigation "is thereafter governed by the Federal Tort Claims Act." *Id.* Here, the Attorney General certified that Bartee was within the scope of his employment during the accident. *See* ECF No. 1-1. If indeed Bartee was within the scope of his employment, then Plaintiff must proceed against the United States and his claim is time-barred.

\*         \*         \*

Whether a federal employee acted within the scope of his employment is determined by the law of the state in which the negligent or wrongful conduct occurred. *See White v. United States*, 419 F. App'x 439, 442 (5th Cir. 2011) (citing *Garcia v. United States*, 62 F.3d 126, 127 (5th Cir. 1995) (en banc)). Because the accident took place in Texas, Texas law applies. Under Texas law, Bartee's actions "fall within the scope of his employment if his actions were (1) within the general authority given him; (2) in furtherance of the employer's business; and (3) for the accomplishment of the object for which the employee was

4

employed." *Bodin v. Vagshenian*, 462 F.3d 481, 484 (5th Cir. 2006) (quotations omitted).

All three elements are clearly met here. Bartee was acting within the general authority given to him on the date of the accident. He had been directed to travel to Oklahoma City in order to assist with the installation of printers at the IRS's Oklahoma City office per his responsibilities as an IT Specialist. *See* ECF No. 20-2 at 36. Bartee's trip was in furtherance of the IRS's business—he had no non-business reason for traveling to Oklahoma City on June 24, 2021. *See id.* at 2. Finally, as an IT Specialist, Bartee's trip was authorized so that he could help install printers at the IRS's office—a task that falls well within the job responsibilities of an IT Specialist. *See id.* at 1. Indeed, Bartee's job requires him to make occasional trips to temporary jobsites other than his official duty station. *See id.* at 34. On June 24, 2021, he was doing just that.

Texas courts have consistently held that "[a]n employee is generally within the course and scope of his employment when the employer's business requires him to travel away from the employer's premises." *Zurich Am. Ins. Co. v. McVey*, 339 S.W.3d 724, 731 (Tex. App.—Austin 2011, pet. denied) (citing *Shelton v. Standard Ins. Co.,* 389 S.W.2d 290, 293–94 (Tex. 1965)). In fact, "the course and scope of employment in cases of overnight travel is broad, extending even beyond the actual act of travel itself to include injuries sustained during down time." *Id.* at 731–32 (quotation omitted). Such is the case here. Bartee was required to travel away from his official duty station in Fort Worth. The risk of Plaintiff's injury was created by the necessity of Bartee's travel to Oklahoma City at the direction of his employer, the IRS. Thus, Bartee was acting within the scope of his employment at the time of the accident.

Plaintiff argues, however, that under the "coming-and-going rule" an employee is generally not in the course and scope of employment while driving to and from the employee's place of work. *See* ECF No. 21 at 5 (citing *Painter v. Amerimex Drilling I, Ltd.*, 561 S.W.3d 125 (Tex. 2018)). Plaintiff argues "[i]t is undisputed that Bartee was traveling to work" on the day of the accident, and therefore, Bartee was not acting within

the course and scope of his employment under the coming-and-going rule. As the Texas Supreme Court explained in *Painter*, under the coming-and-going rule, an employee is generally not acting within the scope of his employment when traveling to and from work. *See Painter*, 561 S.W.3d at 139. However, the court held that "we also recognize an exception when such travel involves the performance of regular or specifically assigned duties for the benefit of the employer." *Id*. This exception to the coming-and-going rule is called the "special mission" exception.

The special mission exception applies when the employee is on a special mission "at the employer's direction or is otherwise performing a task to further the employer's business with the employer's express or implied approval." *Rios Pina v. Sun Loans, Inc.*, No. 04-20-00336-CV, 2021 WL 3377600, at *2 (Tex. App.—San Antonio 2021, pet. denied). A special mission often involves "work or a work-related activity apart from the employee's regular job duties," *Id.*, but may apply when "travel involves the performance of regular or specifically assigned duties *for the benefit of the employer*." *Cameron Int'l Corp. v. Martinez*, 662 S.W.3d 373, 376 (Tex. 2022) (emphasis added) (quotations omitted). If on a special mission, "the employee is within the course and scope of employment until the mission is complete or until the employee deviates from the mission for personal reasons." *Chevron, U.S.A., Inc. v. Lee*, 847 S.W.2d 354, 356 (Tex. App.—El Paso 1993, no writ). Texas courts have recognized that the special mission exception applies to "atypical assignments at the employer's direction," along with one or more of the following factors: "[a]n employee's use of a company vehicle, travel to a temporary jobsite, or reimbursement by the employer for the cost of travel." *Rios Pina,* 2021 WL 3377600, at *3. But none of these factors are dispositive and whether the special mission exception applies will depend on the facts of the case. *See id*.

Here, no genuine dispute of any material fact exists. The Parties simply disagree as to whether Bartee was acting within the course and scope of his employment at the time of the accident. Specifically, the Parties disagree on whether the special mission exception applies to this case. Several undisputed facts are relevant to the present inquiry.

Bartee works at the IRS's Fort Worth office every day, Monday through Friday. *See* ECF No. 20-2 at 34. His travel authorization form states that his official duty station is in Fort Worth, Texas. *See id.* at 5. "Every couple of months," however, Bartee will be assigned to visit jobsites other than his usual duty station, like the Oklahoma City office. *Id.* at 34. On the day in question, Bartee was assigned to travel to Oklahoma City—over 200 miles away—to assist a vendor in installing two printers in the IRS's Oklahoma City office. *See id.* at 5. Bartee was to travel to Oklahoma City on June 24, stay overnight, and return the next day. *See id.* He was authorized to drive his personal vehicle and was reimbursed for his mileage, parking, and overnight lodging. *See id.*

Thus, Bartee was (1) traveling to a temporary jobsite other than his official duty station, (2) on an overnight trip, (3) in a different city—over 200 miles away, (4) at the direction of and for the benefit of his employer, and (5) was reimbursed for his mileage, parking, and overnight lodging. These circumstances fit squarely within the "special mission" exception. *See Am. Cas. Co. of Reading, Pa. v. Bushman*, 480 S.W.3d 667, 675 (Tex. App.—San Antonio 2015, no pet.) (holding employee's travel to an alternate work site in a different city to perform a week-long assignment outside his normal job duties at the behest of his employer satisfied the special mission exception); *see also Zurich Am. Ins. Co. v. McVey*, 339 S.W.3d 724, 727 (Tex. App.—Austin 2011, pet. denied) (holding an employee's trip from Austin to Houston in a company-owned truck for a mandatory multi-day conference satisfied the special mission exception).

Plaintiff stresses that the distance Bartee was required to travel, the infrequency of Bartee's trips to other jobsites, and the IRS's reimbursement of Bartee's expenses are not dispositive in determining whether he was on a special mission. *See* ECF No. 21 at 7–9. The Court agrees. Although no individual factor is dispositive, taken together, it is clear that Bartee was traveling to perform work-related activities at the direction of his employer outside his ordinary duty station. Accordingly, Bartee was on a special mission and was acting within the scope of his employment at the time of the accident. Consequently, Plaintiff's only available remedy is against the Government under the Federal Tort

Claims Act and his failure to file suit against the Government within six months after the IRS denied his administrative claims renders his suit time-barred.

Lastly, the Court notes that Plaintiff filed a Form 5646 administrative claim with the IRS prior to filing this suit. This administrative claim necessarily depended on the contention from Plaintiff that Bartee was acting within the scope of his employment at the time of the accident. *See* ECF No. 20-2 at 22 ("Form 5646 is used to file a claim under the Federal Tort Claims Act (FTCA), 28 U.S.C. § 1346(b)(1)."); *see also* 28 U.S.C. § 1346(b)(1) (authorizing claims against the government "for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment"). Plaintiff now argues the opposite—presumably to keep his claim alive since this action was not commenced within six months of the IRS's denial of that claim. Thus, Plaintiff's assertion that he "has never claimed that the IRS or the federal government was vicariously liable for these damages" is misleading at best. *See* ECF No. 21 at 4. The Court concludes that Plaintiff was right the first time and is wrong now—Bartee was acting within the scope of his employment at the time of the accident.

## CONCLUSION

Because Bartee was acting within the course and scope of his employment at the time of the accident, Plaintiff is limited to a claim against the Government under the Federal Tort Claims Act. Accordingly, Plaintiff's claim is time-barred and must be dismissed. The Government's Motion for Summary Judgment (ECF No. 20) is hereby **GRANTED.** Plaintiff's claim is **DISMISSED with prejudice.**

**SO ORDERED** on this **22nd day of May 2024.**

_____
Mark T. Pittman
UNITED STATED DISTRICT JUDGE

8